**Myron KELEWAE, Appellee,**

v.

**JIM MEAGHER CHEVROLET, INC., Appellant.**

**Myron KELEWAE, Appellant,**

v.

**JIM MEAGHER CHEVROLET, INC., Appellee.**

Nos. 91–2144, 91–2198.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1991.

Decided Jan. 6, 1992.

Dale L. Rollings, St. Charles, Mo., argued (Allen D. Kircher, on brief), for appellant.

Samuel H. Liberman, Clayton, Mo., argued, for appellee.

Before LAY, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

PER CURIAM.

Jim Meagher Chevrolet, Inc. (Meagher) appeals the district court's judgment in favor of Myron Kelewae, a former employee, in this age discrimination suit. Meagher claims the court erred in admitting allegedly hearsay testimony, in granting liquidated damages based on the jury's finding

that Meagher willfully violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1988), in failing to reduce the award of compensatory damages, and in denying Meagher's request for a new trial. Kelewae cross-appeals the court's dismissal of his defamation claim and its refusal to award reinstatement or front pay. We affirm the judgment of the district court.[1]

Kelewae worked for Meagher as an auto body repairman for approximately sixteen years. At trial, Kelewae claimed his supervisor, John Sanford, began harassing him about the quality of his work in late 1986 in an effort to pressure him to retire. Kelewae also testified that Sanford assigned him fewer and older cars to work on, making it difficult for Kelewae to earn as much as he had in the past. Once Kelewae agreed to retire in February, 1987, the work-related complaints ceased. After learning there was no mandatory retirement age, however, Kelewae changed his mind and told Sanford he did not intend to retire in February after all. According to Kelewae, Sanford again began harassing him about the quality of his work. On March 13, 1987, Sanford sent Kelewae a notice of termination, with reference to an alleged recent incident of poor workmanship.[2]

Following his termination, Kelewae experienced difficulty in obtaining new employment. At Kelewae's request, his stepson and a friend each telephoned Meagher posing as a prospective employer checking out Kelewae's references. The friend, Rosalie Blackard, testified that she specifically asked to speak to the personnel department. Blackard and Kelewae's stepson, David, testified that they were told by a

Meagher employee that although Kelewae had been an excellent employee, he was fired because "in the last two to three months his work had dropped off, but he was nearing retirement age." Trial tr. at 75 (testimony of Rosalie Blackard); *see also id.* at 83 (testimony of David Kelewae) ("They said they felt it [the deteriorating work performance] had something to do with him getting close to retirement age and they weren't as satisfied with his work any more."). This suit for defamation and age discrimination followed.

■■■ Meagher claims the testimony of Kelewae's stepson and friend regarding their conversations with an unidentified Meagher employee about Kelewae's work history was inadmissible hearsay. Assuming, without deciding, that the statements were hearsay,[3] we fail to find their admission prejudicial. The statements generally reflected Meagher's evidentiary defense at trial. More significantly, independent evidence clearly demonstrated Meagher's willful violation of the Act. The evidence showed repeated incidents of harassment by Kelewae's supervisor in conjunction with suggestions that Kelewae retire. Those incidents ceased upon Kelewae's notice of retirement, and resumed when he changed his mind. Accordingly, we find no prejudicial error in the admission of the allegedly hearsay testimony. We also affirm the imposition of liquidated damages based upon the jury's finding that Meagher willfully violated the Age Discrimination Act. *See* 29 U.S.C. § 626(b).

■■ Meagher next challenges the amount of compensatory damages awarded Kelewae and requests a remittitur. The jury awarded Kelewae $160,000, of which

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

2. Kelewae allegedly failed to replace the lug nuts on the tire of a car he worked on. The tire subsequently fell off the car.

3. The plaintiff contends the statements were not hearsay because they were not offered to prove the truth of the matter asserted, i.e. they were not offered to show that the quality of Kelewae's

work had deteriorated or that he was nearing retirement age. Fed.R.Evid. 801(c). Plaintiff also claims the statements are admissible as admissions under Fed.R.Evid. 801(d)(2), either by a person authorized to make statements concerning the subject, or by an agent concerning a matter within the scope of the agency.

The district court admitted the statements solely to show publication under the defamation suit. Meagher did not seek any limiting instruction. We address the defamation suit separately.

Meagher contests at least $32,600 as excessive. We find sufficient evidence of lost wages and benefits, such as raises or the opportunity to work maximum hours, to support the jury's verdict.

Finally, Meagher argues that the district court committed reversible error in failing to grant Meagher a new trial based upon misleading comments made by Kelewae's counsel in closing argument. Kelewae's attorney suggested to the jury that Meagher should have investigated more fully into the alleged incident of Kelewae's negligence prior to summary dismissal. We find that Meagher's failure to investigate, coupled with allegations that other employees who failed to replace lug nuts were not fired, could be considered by the jury in determining Meagher's motives in firing Kelewae.

Kelewae cross-appeals the district court's dismissal of his defamation claim. The allegedly defamatory statements made by the unidentified Meagher employee regarding Kelewae's poor work performance cannot form the basis of a defamation suit because the statements were solicited by agents of the plaintiff. *Williams v. School Dist. of Springfield R–12,* 447 S.W.2d 256, 269 (Mo.1969) ("One who has invited or instigated the publication of defamatory words can not be heard to complain of the resulting damage to his reputation."). We therefore affirm the district court's directed verdict for Meagher on this issue.

Finally, Kelewae cross-appeals the district court's failure to award equitable relief in the form of reinstatement or front pay. In view of the present adverse financial position of the defendant, we do not believe equitable relief is appropriate at this time, and therefore affirm the district court's denial of the post-judgment motion.

Judgment affirmed.